AO 243 (Rev. 5/85)

**MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

## United States District Court

District USDC Boston

Name of Movant _Nerys Cabrera_   Prisoner No. _31192 054_   Case No. _01-CR 10469-005 W__

Place of Confinement _Danbury Federal Prison - Danbury - Connecticut_

UNITED STATES OF AMERICA    v.    _Nerys Cabrera_
_Referred (name under which convicted) to Mit. Lea T Sorokin_

MOTION **05 - 10954 WGY**

1. Name and location of court which entered the judgment of conviction under attack _USDC, John Joseph Moakley U.S. Courthouse, Boston, MA 02210 Honorable Judge William G. Young_

2. Date of judgment of conviction _December 12 2002_

3. Length of sentence _63 months_

4. Nature of offense involved (all counts) _Drug Conspiracy_

_____

_____

_____

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: _N/A_

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☐ No ☒

8. Did you appeal from the judgment of conviction?
   Yes ☐ No ☒

AO 243 (Rev. 5/85)

9.  If you did appeal, answer the following:

    (a) Name of court _____ N|A _____

    (b) Result ___ _____

    (c) Date of result _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court? Yes ☐ No ☒

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

        _____

        (4) Did you receive an evidentiary hearing on your petition, application or motion? Yes ☐ No ☒

        (5) Result _____

        (6) Date of result _____

    (b) As to any second petition, application or motion give the same information:

        (1) Name of court _____

        (2) Nature of proceeding _____

        _____

        (3) Grounds raised _____

        _____

        _____

        _____

        _____

(3)

AO 243 (Rev. 5/85)

(4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐ No ☑

(5) Result _____

(6) Date of result _____

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
(1) First petition, etc.     Yes ☐ No ☑
(2) Second petition, etc.    Yes ☐ No ☑

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

My Brother and my Son who is a
Co-defendant both have an Appeal
pending - I assumed if something
changed with them it would change for
me. Thats why I didn't file

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all ground in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85)

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: Fifth Amendment Due Process of Law, to the Sixth Amendment right to Jury

Supporting FACTS (state *briefly* without citing cases or law) Trial as in U.S. v. Green and Blakely v. Washington. The Feeney Amendment abridge Federal Defendants" Due Process rights to a fair trial before a Jury of their peers and to the Government bearing the burden of proof beyond a reasonable doubt of guilt.

B. Ground two: Eighth Amendment requires a prison Sentence to be proportionate to the

Supporting FACTS (state *briefly* without citing cases or law): Crimes for which the defendant has been Convicted. Although Cautioning that no prison Sentence is per se Constitutional, the Court advised reviewing Courts to grant Substantial Deference in determining the types and limits of punishment for Crimes.

C. Ground three: Requesting for a departure based on family Circumstances.

Supporting FACTS (state *briefly* without citing cases or law): Where the family was Uniquely dependant on the defendants ability to maintain existing Financial & emotional commitments U.S. v. Alba-U.S. v. Galante (See enclosed memorandum

AO 243 (Rev. 5/85)

D. Ground four: Please review for the recent Supreme Court decision in the

Supporting FACTS (state *briefly* without citing cases or law): Constitutionality of the federal Sentencing guidelines regarding Booker and FanFan.

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: _____

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐ No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing _Rappaport & Delaney_

(b) At arraignment and plea _Rappaport & Delaney_

(c) At trial _Rappaport & Delaney_

(d) At sentencing _Rappaport & Delaney_

AO 243 (Rev. 5/85)

(e) On appeal_____

_____

(f) In any post-conviction proceeding _____

_____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐ No☐

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐ No ☑

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

_____

_____

(b) Give date and length of the above sentence: _____

_____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐ No ☑

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_4/4/05_____
(date)

_Nurp Cabrera_____
Signature of Movant

(7)



| **Inmate Inquiry** | | | | PRINT |
|---|---|---|---|---|
| **Inmate Reg #:** | 51192054 | **Current Institution:** | Danbury FCI | |
| **Inmate Name:** | CABRERA, NERYS | **Housing Unit:** | C | |
| **Report Date:** | 03/31/2005 | **Living Quarters:** | O01-005L | |
| **Report Time:** | 12:00:31 PM | | | |

General Information | Account Balances | Commissary History | Commissary Restrictions | Comments

## General Information

| | |
|---|---|
| Administrative Hold Indicator: | No |
| No Power of Attorney: | No |
| Never Waive NSF Fee: | No |
| Max Allowed Deduction %: | 100 |
| PIN: | 6663 |
| FRP Participation Status: | Participating |
| Arrived From: | |
| Transferred To: | |
| Account Creation Date: | 3/28/2003 |
| Local Account Activation Date: | 3/29/2003 5:25:31 AM |
| Sort Codes: | |
| Last Account Update: | 3/29/2005 3:25:17 PM |
| Account Status: | Active |
| ITS Balance: | $23.69 |

**FRP Plan Information**

| FRP Plan Type | Expected Amount | Expected Rate |
|---|---|---|
| Monthly | $50.00 | 0% |

## Account Balances

| | |
|---|---|
| Account Balance: | $10.29 |
| Pre Release Balance: | $0.00 |
| Debt Encumbrance: | $0.00 |
| SPO Encumbrance: | $0.00 |
| Other Encumbrances: | $0.00 |
| Outstanding Negotiable Instruments: | $0.00 |
| Administrative Hold Balance: | $0.00 |
| Available Balance: | $10.29 |
| National 6 Months Deposits: | $1,096.46 |
| National 6 Months Withdrawals: | $1,120.50 |
| National 6 Months Avg Daily Balance: | $62.79 |
| Local Max. Balance - Prev. 30 Days: | $111.39 |
| Average Balance - Prev. 30 Days: | $34.97 |

## Commissary History

### Purchases

Validation Period Purchases: $42.90
YTD Purchases: $349.30
Last Sales Date: 3/14/2005 5:05:52 PM

### SPO Information

SPO's this Month: 0
SPO $ this Quarter: $0.00

### Spending Limit Info

Spending Limit Override: No
Weekly Revalidation: No
Spending Limit: $290.00
Expended Spending Limit: $42.90
Remaining Spending Limit: $247.10

## Commissary Restrictions

### Spending Limit Restrictions

Restricted Spending Limit: $0.00
Restricted Expended Amount: $0.00
Restricted Remaining Spending Limit: $0.00
Restriction Start Date: N/A
Restriction End Date: N/A

### Item Restrictions

| List Name | List Type | Start Date | End Date | Userid | Active |
|-----------|-----------|------------|----------|--------|--------|

## Comments

Comments:

http://140.1.68.16/InmateInquiryCombined.aspx     3/31/2005

## 28. U.S.C. 2255 Motion

In regards to the 28 U.S.C. 2255 Motion of Nerys Cabrera, I would like to address the impact of the recent decisions of the United States Supreme Court in United States v. Booker—U.S. — (January 12, 2005) and the United States v. FanFan, — U.S. — (January 12, 2005). In those cases, the Supreme Court declared the mandatory guidelines under which Nery Cabrera was sentenced to be unconstitutional. The Court severed and excised two provisions of the guidelines statue. (1) the provision that required sentencing courts to impose a sentence within the applicable guidelines (2) the provision that sets forth standards of review on appeal, including the provision that provided for "de novo" review of downward departures.

The Court held that: The District Courts, while not bound to apply the guidelines, must consult those. Sentences arrived at in this manner are now to be reviewed for unreasonableness. The above-cited decisions remove the rigid strictures.

Based upon the holdings in Booker and FanFan, I would like to know what impact the decision of the Supreme Court will have in my Case.

12.   Supporting Ground Continuation:

Six days before the Blakely decision, Chief Judge William Young issued a wide ranging, well-supported Sentencing Memorandum which considered constitutional issues not raised by the defs at their sentencing and which concluded that the U.S. S.G. are unconstitutional. US v. Green 2004 Us Dist. Lexis 11292(D-Mass 6-18-04) neither the Supreme Court nor the First Circut-Court of Appeals has yet to address the constitutional analyses in Green. This court can & should do so.

It also anticipated the courts of appeal decisions extending Blakely to the Fed GL., requiring that any sentence-enhancing fact be proven to a Jury beyond a reasonable doubt or admitted by the def. furthermore, Green, goes beyond those cases to demonstrate that the combined efforts of various changes to the Fed sentencing process since Mistretta v US 488 US 361, 109 S.CT. 647 (1989), particularly The Feeney Amendment abridge Fed defs. due process rights to a fair trial before a Jury of their peers and to the Gov. bearing the burden of proof beyond a reasonable doubt , and violate the constitutional principle of separation of powers aggrandizing the Executive and Legislative Branches at the expense of the Judicial branch.

U.S. v Morgan 2004 US App Lexis 18734 *14 (1st Cir 9-2-(Unpublished) (Cir precedent foreclosed appellate review of sentence based on Blakely arguments which were neither raised in District Court nor briefed.)

The dearth of authority to support a constitutional attack on the federal sentencing guidelines prior to June 24 2004 or constitutes causes for Mery Cabrera failure to do so at her sentencing.

Since the S.G.L. are unconstitutional, the court has the power to impose a fair and just sentence without regard to the guidelines.

The United States Sentencing Guidelines authorization of adjustments to the presumptive sentencing range, on the basis of the facts by a Judge, by a preponderance of the Sixth Amendment  right to a Jury trial as interpreted by the U.S. Supreme Court in Blakely v. Washington, 75 Crl 308 (U.S. 2004) the  U.S. Court of Appeals for the 9th Cir. held July 21, 2004.

The Eight  Cir. reached the same conclusion a couple of days later. United States v Ameline 9th Cir., no.02-30326, 7-21-04, and (United States v Mooney, 8th Cir. no. 02-3388 7-23-04).

The Federal Plain-Error Fed. R. Criminal Procedure 52(b), requires defendants seeking correction of an error that was not objected to in the District Court to demonstrate that the error was "plain", that it is the type of error that implicates the fairness of the proceedings. Goal of honesty, uniformity in Sentencing.

Apprendi, said that any fact extending the defendant's sentence beyond the maximum authorized by the Jury's verdict would have been considered an element of aggravated crime.

12.    Supporting Ground Continuation:

United States V. Alba, 933 F. 2d 1117 (2d cir. 1991),
the court affirmed a downward departure where the defendants
presence in the family was essential to maintaining its sta-
bility. In United States V . Johnson, supra, this court held
that extraordinary family circumstances are a proper bases for
a downward departure from the guidelines range. United States
V. Galante, 111 F. 3d 1029 (2d cir. 1997), the court stated
that the financial dependency of vunerable persons is among
the factors that can be considered in a downward departure.

United States V. De Riggi, 893 F. Supp. 171 (E.D.N.Y.
1995) involved the sentences of defendants in a multi-party
scheme. In that case, the court departed downward for one,
defendants whose Father had a stroke and was dependent upon
him, and who ran the family business. The court departed
downward for another based upon emotional trauma to a child,
who also needed the financial support of a parent to attend
school.

Also see; United States V. Rose 885 F. Supp. 62
(E.D.N.Y. 1995), the court departed for a man who did not
live in the home but contributed to household support and
served as a role model to the children.

In United States V. Gamez, 1F. Supp.2d 176, 184 (E.D.N.Y.
1998), defendant was convicted of assisting drug dealers in
a money laundering conspiracy. The court granted an 8-level
downward departure based, in large measure, on defendant's
"difficult family circumstances". The court, relying upon
Alba, Supra, and United States V. Galante, Supra, held that
because of the detriment that would be felt by the families
of the defendant, if lengthy periods of incarceration were
imposed, there is discretion to depart downward based upon
family circumstances.

In the United States V. Hammond, 37 F. Supp. 2d 104,
107 (E.D.N.Y. 1999), defendant pleaded guilty to participation
in a cocaine conspiracy. Defendant was granted a substatial
(level 26 to level 12) downward departure due to his suffering
from H.I.V. and his "extraordinary relationship with his
young children".

Departures are warranted based on family circumstances
where the family was uniquely dependant on the defendants
ability to maintain existing financial and emotional commit-
ments.

Also see Ayala V. United States, 75 F. Supp. 2d 126, 136
(E.D.N.Y. 1999), and United States V. Galante, Supra at 1034.

What is "exceptional is-like the beauty of Botticellis
"Venus Rising From The Sea"____ a subjective question because
the overall conclusion is one resting in the eye of the beholder.

Page 1      28 U.S.C. 2255 Motion      2004

Nery Cabrera respectfully moves, pursuant to the Fifth Amendment right to due process of law, to the Sixth Amendment right to Jury trial, to 28 U.S.C. 2255, to U.S. v. Green 2004, U.S. Dist. LEXIS 11292 (D. Ma. 04), and to Blakely v. Washington 542 U.S. — 124 S. CT. 2531 (04), Pet. for reh'ng denied, 2004 U.S. LEXIS 4887 (04) and its progeny, that the Court vacate her sentence and impose a Just and reasonable sentence.

   June 24, 2004 the Supreme Court decided Blakely

   Nery Cabrera did not Appeal or contest sentence Guidelines to her case. To prevail under 2255 she must now demonstrate cause and prejudice Massaro v. U.S. 538 U.S. 500, 504, 123 S. CT. 1690, 1693, (2003); Sustache-Rivera v. U.S. 221 F. 3d. 8, 17 1st Cir. (2000). cert denied 532 U.S 924 (2001) Kenny v. U.S. (2002) DNH 99, (2002) U.S. Dist. LEXIS 9091 (2002) (unpublished opinion). Her case meets that standard.

   Apprendi v. New Jersey, 530 U.S. 466, 120 S. CT. 2348, (2000), was denied three and a-half years before sentencing. It held that pursuant to the Sixth Amendment any fact other than a

page 2.    28 U.S.C. 2255 motion        2004

Prior conviction which increases the penalty
for a crime beyond the prescribed statutory
maximum must be submitted to a Jury and
proved beyond a reasonable doubt. Prior to
June 24, 2004 when Blakely was decided, the
First Circuit Court of Appeals and all the other
courts of Appeal consistently held that Apprendi
did not apply to Federal Sentencing Guidelines.

Blakely, 124 S.CT. at 2547 n. 1 (Justice
O'Connor dissenting, citing cases) prior to
June 24, 2004, so long as the sentence did
not exceed the offense statutory maximum
drug quality was treated as a Sentencing
factor determined by the Judge based upon
the preponderance of the evidence, not as
an element of the offense to be found by
a Jury beyond a reasonable doubt. U.S. v.
Goodine, 326 F.3d, 26, 32-36 (1st Cir 2003); Cert.
denied 124 S.CT. 1600 (2004); U.S. v. Glaum, 356
F.3d. 169, 178, (1st Cir. 2004).

When this court Sentenced Nery Cabrera,
there appeared to be no viable challenge
to the Constitutionality of the Sentencing
Guidelines. CF. Campbell v. U.S. (2004) U.S.
App. LEXIS 18037 *7-9 (1st Cir. 8-25-04) (unpublishe

page 3            28 U.S.C. 2255 motion            2004

Cert of appealability denied; counsels
failure to anticipate _Blakely_ -based Sentencing
arguments not unreasonable performance
under _Strickland_; well established First Circuit
precedent Contravened such arguments.
U. S. v. Morgan, (2004) U.S. App. LEXIS 18734,
*14 (1st Cir. 9-2-04) (unpublished) (Cir. precedent
foreclosed appellate review of Sentenced-based
on Blakley arguments which were neither
raised in District Court nor briefed.

The dearth of Authority to support a
Constitutional attack on the Federal Sentencing
Guidelines prior to June 24, or constitutes
Cause for _Nery Cabrera's_ failure to do so
at her Sentencing.

Since the Sentencing Guidelines are un-
Constitutional, the Court has the power to
impose a fair and Just sentence without
regard to the Guidelines.

Six days before the Blakely decision, _Chief_
_Judge William Young_ issued a wide ranging, well-
Supported Sentencing memorandum which considered
Constitutional issues not raised by the Defendants
at their Sentencing and which concluded that

page 4.         28 U.S.C. 2255 motion      2004

the U.S.S.G. are unconstitutional. U.S. v. Green, (2004) U.S. Dist. LEXIS 11292 (D-mass 6-18-2004). Neither the Supreme Court nor the First Circuit Court of Appeals has yet to address the constitutional analyses in Green. This court can and should do so.

Green anticipates Blakely in extending Apprendi and Ring v. Arizona, 536 U.S 122 S.CT. 2428 (2002), to guideline sentencing. It also anticipates the courts of Appeal decisions extending Blakely to the Federal Guidelines, requiring that any sentence-enhancing fact be proven to a jury beyond a reasonable doubt or admitted by the defendant. Furthermore, Green goes beyond those cases to demonstrate that the combined efforts of various changes to the Federal Sentencing process since Mistretta v. U.S., 488 U.S. 361, 109 S.CT. 647 (1989), particularly the Feeney Amendment abridge Federal Defendants due process rights to a fair trial before a jury of their peers and to the Government bearing the burden of proof beyond a reasonable doubt, and violate the constitutional principle of Separation of powers by aggrandizing the Executive and Legislative Branches at the expense of the Judicial branch.

page 5     28 U.S.C. 2255 Motion     2004

At least one District Court has held that Feeney's Judicial reporting requirement Unconstitutionally stifles Judicial independence contrary to Article III of the U.S. Constitution. U.S. v. Mendoza, (2004) U.S. Dist. LEXIS 1449 Cen. D. California (1-12-04). For the reason stated in Green and Mendoza, the Federal Guidelines scheme which governed Nery Cabrera sentencing, violated those fifth and sixth Amendment Rights.

"With it's clarification of a defendant's Sixth Amendment rights, the Blakely court worked a sea change in the body of sentencing law". U.S. v. Ameline, 376 F.3d. 967, (2004) U.S. App. LEXIS, 15031, 12* (9th Cir. 2004 (citing cases).

This court should follow the cogent reasoning in the cases which conclude that Blakely extends Apprendi to the sentencing Guidelines.

In Blakely the Supreme Court said: Our precedents make clear that the statutory maximum for Apprendi purposes is the maximum sentence a judge may impose solely on the facts reflected in the jury verdict or admitted by the Defendant. In other words, the relevant statutory maximum is not the maximum

28 U.S.C. 2255 motion    2004

page 6

Sentence a Judge may impose after finding
additional facts, but the maximum he may
impose without any additional findings.

Mery Cabrera did not knowingly and intelligently
relinquish or abandon the constitutional rights
manifested in Green, Blakely and later cases,
She may properly assert those rights before
this Court. U.S. v. Abbott, 241 F.3d. 29, 33-34,
(1st Cir 2001).

The sounder conclusion is that they were
designed as an integrated regime, that they
therefore cannot be severed into constitution
or unconstitutional parts while still remaining
true to the legislative purpose, and they are
wholly unconstitutional.

U.S. v. Croxford, (2004) US Dist. LEXIS 1215,
(D-UTAH, June 29, 2004) holding the Guidelines
wholly unconstitutional and using the Guidelines
as advisory but not necessarily bindings;
U.S. v. Mueffleman (2004) U.S. Dist. LEXIS
14114 at 42-45 (D-Ma July 26, 2004) (same)
Such was the view of two of the 3 Judges
panel in U.S. v. Mooney, (2004) US. App.
LEXIS 1530 1st at 43 Whose opinions has been
vacated for en banc review (04) U.S. App. LEXIS 1630

<u>page 7</u>    <u>28 U.S.C. 2255 motion    2004</u>

<u>United States District Judge Presnell conclu</u>

The suggestion that courts use the
Guidelines in some cases but not others
at best schizophrenic and at worst contrary
to basic principles of justice, practicality,
fairness, due process, and equal protection.
Courts simply cannot apply a determinate
sentencing code to one defendant, whose
sentence raises no judicial fact-finding
enhancement issues and a separate dis-
cretionary scheme to another defendant
whose sentence does raise enhancement
issues.

## 28 U.S.C. 2255 Motion     2004

Solem v. Helm, 463 U.S. 277, 103 S.CT. 3001, 77 L.Ed 2d 637 1983. The Supreme Court held that the Eighth Amendment requires a prison sentence to be proportionate to the crime for which the defendant has been convicted Id. at 289-90, 103 S.CT. at 3009-10.

Although cautioning that no prison sentence is per se constitutional, the Court advised reviewing courts to grant substantial deference to the broad authority that legislatures necessar possess in determining the types and limits of punishment for crimes, as well as to the discreti that trial courts possess in sentencing convicted criminals." Id at 290, 103 S.CT. at 3009 (quoting Rummel v. Estelle, 455 U.S. 263, 272, 100 S.CT. 1133, 1138, 63 L.Ed 2d 382 (1980).

U.S. Court of Appeals for the Eighth Circuit, which held in United States v. Mooney, 75 CrL 487 (8th Cir 2004), that Blakley renders the Federal Guidelines Unconstitutional, decided 8-5, that it was "plain error" prior to Blakley to impose an enhanced guidelines sentence on a defendant, on the basis of Judicial findings of fact, and hence defendants are entitled to relief even though they did not raise Sixth Amendment objections at Sentencing. U.S. v. Pirani 8th Cir no 03-2871 August 5, 2004.

The United States Sentencing Guidelines authorization of adjustments to the presumptive sentencing range, on the basis of facts by a Judge, by a preponderance of the evidence, violates the Sixth Amendment right to a Jury trial as interpreted by the U.S. Supreme Court in Blakley v. Washington, 75 CrL 308 (U.S. 2004), the U.S. Court of Appeals for the 9th Cir. held July 21, 2004.

The Eighth Cir. reached the same conclusion a couple of days later. United States v. Ameline 9th Cir., No. 02-30326, 7-21-04, and United States v. Mooney, 8th Cir. No. 02-3388 7-23-04).

The Federal Plain-Error Fed. R. Criminal Procedure 52(b), requires defendants seeking correction of an error that was not objected to in the District Court to demonstrate that the error was "plain", that it prejudiced the defendant, and that it is the type of error that implicates the fairness of the proceedings. Goal of honesty, uniformity in Sentencing.

Apprendi, said that any fact extending the defendant's sentence beyond the maximum authorized by the Jury's verdict would have been considered an element of an aggravated crime.